# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 18-cv-60712-BLOOM/Reid

MICHAEL WILKES,

    Petitioner,

v.

SEC'Y, FLA. DEP'T OF CORR., et al,

    Respondents.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, by *pro se* petitioner Michael Wilkes, ECF No. [1] (the "Petition"). This case was previously referred to the Honorable Lisette M. Reid for a Report and Recommendation on all dispositive matters. *See* ECF Nos. [2] and [14]. On June 3, 2019, Judge Reid issued a Report and Recommendation recommending that the Petition be denied, that a final judgment be entered, that the request for a certificate of appealability be denied, and the case be closed. ECF No. [15]. The Report and Recommendation advised that objections to the report may be filed with the district judge within fourteen days of receipt of a copy of the report. *Id.* at 10. Petitioner filed Objections to the Report and Recommendation on June 19,2 019. ECF No. [16]. The Court has conducted a *de novo* review of Judge Reid's Report and Recommendation, the Objections, and the record and is otherwise fully advised in the premises. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)).

In his Petition, Petitioner contends that trial counsel rendered ineffective assistance of counsel by allegedly failing to advise him to accept 17- and 30-year plea offers. A habeas

petitioner asserting an ineffective assistance of counsel claim must satisfy a two-prong inquiry: (1) defense counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the Report and Recommendation Judge Reid concluded that Petitioner did not adequately allege that counsel misadvised him as to whether to accept plea offers because Petitioner did not allege any details about any communications he may have had with counsel regarding the plea offers. Thus, Petitioner's allegations were conclusory and do not support a *Strickland* claim or warrant an evidentiary hearing. As to the second *Strickland* prong, even had Petitioner adequately alleged that trial counsel misadvised him, Petitioner failed to show that he would have accepted the offers and pled guilty. Judge Reid reasoned that Petitioner's decision to vociferously profess his innocence at trial undercut his conclusory assertion that he would have accepted the plead but for counsel's alleged misadvise.

In the Objections, Petitioner first states that he stands on the four corners of his ineffective assistance of counsel claim, in that that counsel's omission in failing to advise Petitioner to accept a favorable plea offer was a serious dereliction. However, in the Report and Recommendation, Judge Reid correctly found that the Petitioner did not satisfy the first *Strickland* prong because Petitioner did not allege any details about any communications with counsel regarding the plea offers. The Eleventh Circuit has explained that the § 2254 Rules

> mandate "fact pleading" as opposed to "notice pleading," as authorized under Federal Rule of Civil Procedure 8(a). Coupled with the form petition or motion, the federal rules give the petitioner or movant ample notice of this difference. If, for example, Rule 2(c)(1) and (2) of the § 2254 Rules should cause a petitioner (or his counsel) to doubt what the words "specify all grounds" and "state the facts supporting each ground" mean, the ***CAUTION*** contained in paragraph (9) of the "Instructions" should remove such doubt. As the Supreme Court has observed, "[h]abeas corpus petitions must meet heightened pleading requirements, *see* 28 U.S.C. § 2254 Rule 2(c)." *McFarland v. Scott,* 512 U.S. 849, 856, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994).

*Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011). Here, Petitioner has failed to allege sufficient facts to demonstrate that trial counsel's performance was deficient. Accordingly, Petitioner's Objection is overruled.

Petitioner also argues that there is nothing in the record that would conclusively demonstrate that the Petitioner would have rejected the 17-year plea offer had he been properly advised to accept the plea offer by trial counsel. Petitioner turns the burden on its head. Petitioner bears the burden to "establish[] prejudice with respect to counsel's" ineffective assistance. *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991). As in *Diaz*, here Petitioner "did not establish a reasonable probability that, absent counsel's alleged ineffective assistance, he would have accepted the plea agreement." *Id.*

Finally, Petitioner objects on the basis of the "*Martinez v. Ryan* exception." *Martinez v. Ryan*, 566 U.S. 1 (2012) concerns the doctrine of procedural default and is wholly inapplicable here.[1]

Upon review, the Court finds Judge Reid's Report and Recommendation to be well reasoned and correct. The Court agrees with the analysis in Judge Reid's Report and Recommendation, finds no merit in Petitioner's Objections, and concludes that the Petition must be denied for the reasons set forth in the Report and Recommendation.

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge Reid's Report and Recommendation, **ECF No. [15]**, is **ADOPTED**;

2. Petitioner's Petition, **ECF No. [1]**, is **DENIED**;

---

[1] Petitioner also states that "the Respondent's response incorrectly challenges a claim that was set forth in petitioner's Rule 3.850 motion for post conviction relief, not set forth in the pending § 2254 Petition. ECF No. [16] at 2. This statement does not appear to be an objection to the Report and Recommendation.

3. Petitioner's Objections, **ECF No. [16]**, are **OVERRULED**.

4. No Certificate of Appealability shall issue;

5. Petitioner's request for an evidentiary hearing is **DENIED**;

6. All pending motions are **DENIED AS MOOT**; and

7. The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in Chambers at Miami, Florida, on June 26, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Lisette M. Reid

Michael Wilkes
M16600
Columbia Correctional Institution
Inmate Mail/Parcels
216 SE Corrections Way
Lake City, FL 32025